Payzant v. Loon Mtn.                    CV-94-164-B    11/15/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Diane Payzant and Robert Payzant</u>

   v.                                    Civil No. 94-164-B

<u>Loon Mountain Recreation Corporation</u>



**O R D E R**

Diane and Robert Payzant bring an action based upon personal injuries Mrs. Payzant suffered in a skiing accident at Loon Mountain.  Loon moves for summary judgment on the grounds that the action is barred by New Hampshire's skier responsibility statute, N.H. Rev. Stat. Ann. § 225-A:24.  For the reasons that follow, I grant summary judgment.


## I.  BACKGROUND

At the time of the accident, Diane Payzant was skiing across the "Big Dipper" trail to reach a trail on the other side.  Mrs. Payzant looked for approaching skiers and waited for several skiers to pass before she entered the intersection of the two trails.  She then skied diagonally across the "Big Dipper" trail.

As she reached the far side of the trail, she heard a noise and saw another skier's skis coming at her at the level of her head. The skier then collided with her, and she was injured. Mrs. Payzant contends that the other skier was coming off a "blind jump" when he hit her. She further contends that Loon knew of the hazard presented by the jump and had marked it the day before, but not the day of, the accident.

## II. DISCUSSION

Summary judgment is appropriate if the record taken in the light most favorable to the nonmoving party shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1049 (1st Cir. 1993). A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In support of its motion for summary judgment, Loon Mountain argues that the Payzants' suit is barred by New Hampshire's skier

2

responsibility statute.[1]  The Payzants argue that the skier

responsibility statute is inapplicable because Loon knew of and

disregarded the hazard presented by the "blind jump."

---

[1]  The pertinent portion of the statute states:
**Responsibilities of Skiers and Passengers.**  It is
hereby recognized that, regardless of all safety
measures which may be taken by the ski area operator,
skiing as a sport and the use of passenger tramways
associated therewith may be hazardous to the skiers or
passengers.  Therefore:

   I.  Each person who participates in the
   sport of skiing accepts as a matter of law,
   the danger inherent in the sport, and to that
   extent may not maintain an action against the
   operator for any injuries against the
   operator for any injuries which result from
   such inherent risks, dangers, or hazards.
   The categories of such risks, hazards or
   dangers which the skier or passenger assumes
   as a matter of law include but are not
   limited to the following:  variations in
   terrain, surface or subsurface snow or ice
   conditions; bare spots; rocks, trees, stumps
   and other forms of forest growth or debris;
   lift towers and components thereof (all of
   the foregoing whether above or below snow
   surface); pole lines and plainly marked or
   visible snowmaking equipment; collisions with
   other skiers or other persons or with any of
   the categories included in this paragraph.

   II.  Each skier and passenger shall have the
   sole responsibility for knowing the range of his
   own ability to negotiate any slope, trail or
   passenger tramway.

N.H. Rev. Stat. Ann. § 225-A:24 (1989).

The skier responsibility statute provides that a skier is deemed to assume the risk of injuries resulting from "variations in terrain" and "collisions with other skiers."  It is undisputed that Mrs. Payzant's injuries were caused by a collision with another skier.  Moreover, accepting Mrs. Payzant's version of the accident as true, the collision occurred because of a jump that could only reasonably be considered a variation in terrain.  Accordingly, the skier responsibility statute plainly bars Mrs. Payzant's claim unless the statute is interpreted to provide an exception for cases involving injuries resulting from risks such as the blind jump that were known to the defendant.  I find no such exception in the plain language of the statute.  Nor has the New Hampshire Supreme Court adopted a known hazards exception.  Accordingly, I decline to recognize the proposed exception and conclude that Mrs. Payzant's claim is barred by the skier responsibility statute.[2]

---

[2]  Because the Payzants have invoked diversity jurisdiction, my analysis of the statute is circumscribed by the rule that "plaintiffs who select [a] 'federal forum in preference to an available state forum may not expect the federal court to steer state law into unprecedented configurations.'"  Federico v. Order of Saint Benedict in Rhode Island, 64 F.3d 1, 3 (1st Cir. 1995) (quoting Martel v. Stafford, 992 F.2d 1244, 1247 (1st Cir. 1993)).

4

### III. <u>CONCLUSION</u>

Loon Mountain's motion for summary judgment (document no. 8) is granted.[3] The clerk shall enter judgment for Loon in accordance with this order.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

November 15, 1995

cc:  Timothy Vaughan, Esq.
     Joseph M. MCDonough, III, Esq.

_____

[3] Mr. Payzant's claim for loss of consortium is rendered moot by summary judgment as to his wife's claim. <u>See</u> N.H. Rev. Stat. Ann. § 507:8-a (1994 Supp.).